# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EPIPHANY LAZARU KING LAZARRE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THOMAS A. TURCO, III, Commissioner, ) <br> ) <br> Defendants. ) | Civil Action No. 18-12260-DJC |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                                                                                           April 9, 2019

For the reasons set forth below, the Court allows Plaintiff's motion to proceed *in forma pauperis*; denies Plaintiff's motions for appointment of counsel, for private investigator, for appointment of Marshal and for records from DLC, PLS, DPPC, OCCC. If Plaintiff wishes to proceed with this action, the Court grants him time to file an amended complaint that cures the pleading deficiencies noted below.

## I.    Background

Plaintiff Ephiphany Lazaru King Lazarre, now in custody at the Old Colony Correctional Center, brings this action seeking monetary damages from fifty-eight defendants for alleged "medical malpractices, damages, conscious pain and suffering and emotional distress, neglects, discriminations, civil rights, crimes, threats, manipulation, racism, contraband, false punishments, malicious abuses, [unintelligible], defamations, violations, lost wages, traumas and the voices of the martyrs and others I will bring to court very soon". D. 1, p. 30, *see also id.* p. 3 (introduction).

Plaintiff alleges that he speaks "Haitian Creole and [is] unable to write everything in

English and [does] not have [any] experience in law." *Id.* at p. 31. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging, among other things, deliberate indifference to plaintiff's serious medical needs. *Id.* at p. 18. The factual allegations are contained in twenty-five pages, each page handwritten and single spaced. *Id.* at pp. 5 - 30.

Now pending are Plaintiff's motions for appointment of counsel, for appointment of private investigator, for appointment of the United States Marshal, to proceed *in forma pauperis*, and for copies of records from Old Colony Correctional Center, Prisoners' Legal Services, the Disability Law Center and the Disabled Persons Protection Commission. D. 2 - 9.

## II. Discussion

### A. Plaintiff's Motion to Proceed In Forma Pauperis

Upon review of Plaintiff's motion for leave to proceed *in forma pauperis*, the Court concludes that he is without income or assets to pay the filing fee. The Court therefore grants the motion and the $350 filing fee shall be collected in accordance with 28 U.S.C. § 1915(b)(2).

### B. Screening of the Complaint

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. Similarly, under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are also subject to screening. Both § 1915 and § 1915A authorize federal courts to dismiss a complaint *sua sponte* if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Rule 8(d)(1) of the Federal Rules of Civil Procedure provides that allegations in the complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). In assessing the sufficiency of the complaint, "an inquiring court must first separate wheat from chaff; that is, the court must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." *Guadalupe-Baez v. Pesquera*, 819 F.3d 509, 514 (1st Cir. 2016) (citing *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)). The Court must then determine "whether the well-pleaded facts, taken in their entirety, permit 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (citations omitted).

A plaintiff's complaint need not provide an exhaustive factual account, only a short and plain statement. Fed. R. Civ. P. 8(a). However, the allegations must be sufficient to identify the manner by which the defendant subjected the plaintiff to harm and the harm alleged must be one for which the law affords a remedy. *Iqbal*, 556 U.S. at 678.

In conducting this review of the complaint, a *pro se* plaintiff is entitled to a liberal reading of his allegations, even when such allegations are inartfully pled. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Rodi v. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004). A *pro se* litigant's obligation to comply with the Federal Rules of Civil Procedure includes the requirement that a complaint complies with the "short and plain statement" requirement." *See Koplow v.*

*Watson*, 751 F. Supp.2d 317 (D. Mass. 2010) (dismissing *pro se* complaint for failing to comply with Rule 8).

C. **Facts Alleged in the Complaint**

The following allegations, taken from the complaint, are presumed true, for the purpose of screening. The complaint identifies the defendants as entities and DOC officials and others allegedly related to his custody and medical treatment therein. Compl., p. 1 - 3.

Plaintiff alleges that while in custody from 2014 to 2015 at MCI Cedar Junction, "the officers [were] trying to kill [Plaintiff]." *Id.* at p. 20. He alleges that he became sick because he was placed in a "frozen room [with ice everywhere]" and that he was later "forced to live with [an inmate who beat Plaintiff] when the prison was close[d]." *Id.* at p. 21. Plaintiff alleges that the defendants failed "to protect [him]." *Id.*

Plaintiff alleges that on September 21, 2017, he received injections at Lemuel Shattuck Hospital that left him paralyzed, in pain and unable to walk. *Id.* at p. 5, p 7. Plaintiff alleges that, as a result, he banged his head "on the grounds and on the toilet 17 times" and that he suffers chronic headaches, memory loss and hearing disorders. *Id.* at p. 8 – 9, 16. Plaintiff complains that his medical needs were neglected and that he was not treated during the month he spent in the medical ward in the HSU. *Id.* at p. 6.

On October 13, 2017, Plaintiff alleges that he was sent to the SBCC medical ward for physical therapy. *Id.* at p. 7. On November 13, 2017, he was returned to OCCC "by wheelchair van." *Id.* at p. 7-8. Plaintiff alleges that he was provided a walker at OCCC and he alleges that he was neglected and was forced to struggle to walk. *Id.* at p. 8.

Plaintiff alleges that he was prescribed prednisone for pain and that the side effects from this medication damaged his vision. *Id.* at p. 11. Plaintiff alleges that the "defendants knew about

4

[plaintiff's] damaged eyes, but the defendants refused to send [plaintiff] to an outside hospital to see [an] eye doctor." *Id.* at p. 12.

Plaintiff alleges that while confined to the Nashua Street Jail, and at another unidentified prison, he was the victim of rape and that the defendants are responsible, and when notified, failed to provide appropriate counseling. *Id.* at p. 15.

Plaintiff alleges that Defendants failed to provide a hearing aid as recommended on August 31, 2018, by medical providers at Lemuel Shattuck Hospital on August 31, 2018. *Id.* at p. 16. Plaintiff further alleges that he received "bad treatment" from "the DOC, MPCH, CCS, OCC, medical, Mental Health department, the Health Services Administrator, the nurses, the officers and the others." *Id.* at p. 17.

Plaintiff alleges that the "deputy Superintendents threated [Plaintiff] to discontinue what [Plaintiff] had before." *Id.* at p. 19. As to the Superintendent, Plaintiff alleges that "she is supposed to protect [Plaintiff]" but that she "discriminated [against Plaintiff and] failed to help [Plaintiff]." *Id.* at p. 20.

As to the "director of treatment," Plaintiff alleges that "[s]he is the [worst malicious neglectful] director of treatment." *Id.* at p. 19. Plaintiff alleges that he "suffer[s] from ADA Coordination for Inmates [and] also Mr. O'Gara M. James, Jr." *Id.* Plaintiff states that he "will tell the Jury and the Court more about this defendant very soon." *Id.* Plaintiff alleges that he was treated very badly by the "mental health director and [his] former clinician Miriam." *Id.* Plaintiff alleges that the "DMH director [at OCCC] is not qualified to treat [Plaintiff]." *Id.* Plaintiff seems to allege that he had attempted "suicide [himself] several times." *Id.* at p. 20.

Plaintiff alleges that the officers at OCCC punished him falsely, denied his grievances, assaulted him, threatened him and treated him "like a slave." *Id.* at p. 22.

Plaintiff alleges that he has suffered detrimental side effects from the "mental health sleeping medications" that were provided by the defendants. *Id.* at p. 13. Plaintiff lists many "chronic symptoms" from which he suffers. *Id.* at p. 23-25.

For relief, plaintiff list 32 specific remedies, which include, among other things, requests for a wheelchair, an oxygen box, surgery, a hearing aid, a handicapped shower chair, the return of his knee braces, the provision of bottled water and eye glasses, a "no shackling" order, and evaluation by various specialists. *Id.* at p. 25-30. Plaintiff seeks monetary damages in the amount of "$3.9,000,000.00 cash for everything the defendants have done to [Plaintiff] without future medical bills, lawyer fees and other fees and costs." *Id.* at p. 30.

### D. Complaint Fails to Comply with Basic Pleading Requirements of the Rules of Civil Procedure

Although *pro se* pleadings are liberally construed, the burden is on the Plaintiff to set forth plausible claims upon which relief may be granted and to provide sufficient notice of his claims to the Defendants. *Ateek v. Massachusetts*, No. 11-11566-DPW, 2011 WL 4529393, at *3 (D. Mass. Sept. 27, 2011) (citing to Rule 8 of the Federal Rules of Civil Procedure).

The core of the Complaint concerns the treatment Plaintiff received, or failed to receive, while in custody. However, the Complaint falls short of the pleading requirements set forth in Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff's complaint contains an amalgamation of claims based upon events occurring at several correctional and medical facilities. The factual allegations are presented in a confusing narrative and assert causes of action against unrelated parties.

Plaintiff alleges that Defendants used excessive force, failed to protect Plaintiff and were deliberately indifferent to his serious medical needs. Because the claims are primarily asserted collectively against the Defendants, it is impossible to cull out the causes of action asserted against

each of the Defendants separately. Plaintiff makes generalized assertions as part of a general description of his claim that the Defendants violated Plaintiff's civil rights, but apart from these assertions, he does not clearly link specific factual allegations of wrongdoing against each Defendant. There are no allegations concerning each individual defendant's actions that are sufficient to give each "defendant fair notice of what the . . . claim is and the ground upon which it rests." *See Twombly*, 550 U.S. at 555.

Accordingly, the claims are not alleged and presented in a manner which would permit the Defendants to file a meaningful response. It would be unduly burdensome for the Defendants to parcel out or identify the precise cause of action asserted against them, and the grounds upon which each claim is based. Thus, by pleading in the manner he has–i.e., collectively asserting his claims against the Defendants–Plaintiff has failed to meet the pleading requirements for proceeding in this Court.

**III.    Order to File an Amended Complaint**

In light of the foregoing, this action will be dismissed in 42 days unless Plaintiff files an amended complaint which cures the pleading deficiencies and sets forth plausible claims upon which relief may be granted.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. To the greatest extent possible, the amended complaint should allege relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do; give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event; give the location where each relevant event occurred; describe how each defendant's acts or omissions

violated Plaintiff's rights and describe the injuries Plaintiff suffered; and state what relief Plaintiff seeks from the Court.

Plaintiff's amended complaint will completely replace, not supplement, the original complaint. *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008) (an amended complaint completely replaces the original complaint). Failure to comply with these directives or to file an amended complaint will result in dismissal of this action. No summonses shall issue pending further Order of the Court.

## IV.     Conclusion

For the foregoing reasons, the Court rules as follows:

1. The Court grants Plaintiff's motion to proceed *in forma pauperis*, D. 9. The $350 filing fee shall be collected in accordance with 28 U.S.C. § 1915(b)(2). The Clerk shall send a copy of this order to the treasurer of the institution with custody of Plaintiff;

2. The Court denies Plaintiff's motions for records without prejudice, D. 2 - 4, 6;

3. The Court denies Plaintiff's motion for private investigator without prejudice, D. 5;

4. The Court denies Plaintiff's motion for appointment of Marshal without prejudice, D. 7;

5. The Court denies Plaintiff's motion for appointment of counsel without prejudice, D. 8;

6. If Plaintiff wishes to proceed in this matter, he must file, within 42 days of the date of this Memorandum and Order, an amended complaint curing the pleading deficiencies and setting forth plausible claims upon which relief may be granted. Failure to do so will result in the dismissal of this action.

7. No summons shall issue pending further Order of the Court.

**SO ORDERED.**

                                                       **/s/ Denise J. Casper**
                                                      Denise J. Casper
                                                     United States District Judge